```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
               NORTHERN DIVISION at ASHLAND
```

| | | |
|---|---|---|
| JOHN UNDERWOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 0:21-cv-019-JMH |
| v. | ) | |
| | ) | |
| DAVID LEMASTER, ET AL., | ) | |
| | ) | **MEMORANDUM** |
| Defendants. | ) | **OPINION AND ORDER** |

*** *** *** ***

John Underwood, Jr. is an inmate at the Federal Correctional Institution (FCI) in Ashland, Kentucky. Proceeding without a lawyer, Underwood recently filed a civil rights complaint with this Court. [DE 1]. That said, the Court has conducted an initial screening of Underwood's complaint pursuant to 28 U.S.C. § 1915A and will dismiss it without prejudice for several reasons.

As an initial matter, while Underwood completed and filed this Court's approved E.D. Ky. 520 Civil Rights Complaint Form, he neither paid the $402.00 in filing and administrative fees nor moved for leave to proceed *in forma pauperis*. Thus, Underwood has not yet properly initiated this civil action.

Furthermore, while Underwood lists numerous prison officials as defendants [*see* DE 1 at 1-2], he does not explain specifically what each named defendant did or failed to do to cause him harm, despite being specifically instructed to do so [*see id.* at 2-3]. To be sure, Underwood is clearly complaining about the conditions

of his confinement at FCI – Ashland. [*See id.*]. However, Underwood does not clearly link his allegations to the listed defendants. [*See id.*]. Indeed, in stating the facts of his case, Underwood does not actually mention the named defendants at all. [*See id.*]. As a result, Underwood's submission, as currently drafted, is subject to summary dismissal. *See* 28 U.S.C. § 1915A(b)(1).

Moreover, it is clear from the face of the complaint that Underwood has not yet fully exhausted his administrative remedies. Under the law, there is a multi-tiered administrative grievance process within the Federal Bureau of Prisons (BOP). If a matter cannot be resolved informally via a so-called "BP-8 Form," the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 U.S.C. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully exhausted his administrative remedies, he may then file a lawsuit in federal court.

Here, it is clear from the face of Underwood's complaint that he has not yet fully completed the BOP's administrative grievance process. After all, Underwood specifically says that he is

complaining about events that allegedly occurred on January 2, 2021, just weeks before he signed his complaint and filed it with this Court. [*See* DE 1 at 3-4, 8]. In light of this representation, it is readily apparent that Underwood has not yet fully exhausted his administrative remedies. Thus, sua sponte dismissal is appropriate. *See Barnett v. Laurel Co.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017) (pointing out that "sua sponte dismissal may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint"); *see also Kapri v. Federal Bureau of Prisons*, No. 7:20-cv-117-DLB (E.D. Ky. 2020) (dismissing a *pro se* civil rights complaint without prejudice for this same reason).

In light of the foregoing, the Court will dismiss Underwood's present complaint. This dismissal, however, will be **without prejudice**. This means that, once Underwood has fully exhausted his administrative remedies, **he may file a new civil action with this Court regarding the conditions of his confinement**, should he wish to do so. That said, if Underwood does file a new civil action, he must once again utilize the Court's approved E.D. Ky. 520 Civil Rights Complaint Form, and, in doing so, he must explain specifically what each named defendant did or failed to do to cause him harm. Finally, Underwood must also pay the $402.00 in filing and administrative fees, or he must move for leave to proceed *in*

3

*forma pauperis* by completing and filing the Court's approved AO 240 and E.D. Ky. 523 Forms.

Accordingly, it is **ORDERED** as follows:

(1) Underwood's current complaint [DE 1] is **DISMISSED** without prejudice;

(2) This specific action is **STRICKEN** from the Court's docket;

(3) That said, the Clerk's Office shall send Underwood the following blank forms:

    a. Civil Rights Complaint form [E.D. Ky. 523 Form];

    b. Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; and

    c. Certificate of Inmate Account Form [E.D. Ky. 523 Form].

If Underwood still wishes to file a civil rights action regarding the conditions of his confinement, he may do so by completing and filing a new action in accordance with the instructions set forth above; and

(4) The Court will enter a corresponding Judgment.

This the 2nd day of February, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge